IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV237-01-MU

| | |
|---|---|
| RICHARD DEVON COHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ASHEVILLE POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed August 16, 2006.

In his Complaint, Plaintiff alleges that after suffering a head injury during his arrest he was taken to a trauma center. Plaintiff further alleges that "I believe a blood alcohol level was taken without my consent and the information given to the Asheville Police Department." In addition, Plaintiff alleges that after he was treated at the trauma center he was taken to the Buncombe County Detention Facility where he was unable to use a telephone or allowed to shower for over 36 hours. Plaintiff also asserts that his clothes, wallet, ID and some money were disposed of at the trauma center. Plaintiff states that he is "alleging assault and battery negligence." Finally, Plaintiff states that wants to file under the Americans with Disabilities Act (ADA).

As an initial matter, Plaintiff fails to state a claim against the Asheville Police Department or the Buncombe County Detention Facility. In order to state a claim of county or municipal liability a Plaintiff must allege that his injury was caused by the execution of a municipal custom or policy. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff does not

identify any custom or policy that resulted in his constitutional injury. Consequently, Plaintiff fails to state a claim against the Buncombe County Detention facility or the Asheville Police Department and they are dismissed from this case.

The remaining Defendant is "John" Green, the arresting officer in Plaintiff's criminal case. Plaintiff asserts that he suffered a head injury during his arrest. Such a conclusory statement simply does not state a claim of excessive force under the constitution. The mere fact that an individual is injured during the course of an arrest is wholly insufficient to support an excessive force claim. Likewise, Plaintiff's allegation that he believes that a blood test was taken is insufficient. Plaintiff cannot file a cause of action premised upon a fact that he himself is not sure even occurred. Plaintiff provides no basis whatsoever for his belief. Mere speculation cannot support a claim.

Plaintiff also asserts that when he arrived at the Buncombe County Detention Facility after being treated at the trauma center he was not allowed to use a telephone or shower for 36 hours. Plaintiff also asserts that his clothes and personal items that were taken at the trauma center were never returned. First, this claim fails because Plaintiff does not connect these actions in any way to Defendant Green. Second, this claim fails because these alleged actions do not rise to the level of a constitutional violation.[1]

At the very end of the text of his Complaint, Plaintiff asserts that he wants to file under the ADA. While the ADA does apply to state prisons,[2] Plaintiff fails to allege any facts to support an ADA claim. That is, Plaintiff does not identify what his alleged disability is. Nor does Plaintiff

---

[1] To the extent, Plaintiff is asserting a state law claim of assault and battery, this Court declines to exercise supplemental jurisdiction.

[2] Pa. Dep't of Corr. v. Yeskay, 524 U.S. 206 (1998)

state in what manner he was discriminated against.  The Complaint's lack of express allegations to support an ADA claim requires its dismissal.  See Weller v. Dep't Soc. Servs., 901 F.2d 387 (4th Cir. 1990)(the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court).  Again, Plaintiff's broad, conclusory assertion is wholly insufficient to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED**.

Signed: August 25, 2006

Graham C. Mullen
United States District Judge